# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| NATALIE EDEBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 3:18-cv-00425-GCM |
| | ) |
| PEGASUS RESIDENTIAL, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

COME NOW Plaintiff and Defendant, by and through their undersigned counsel of record, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure stipulate to the issuance of a protective order limiting the dissemination of information, documents, and things containing proprietary and/or confidential information which will be produced by the parties to each other in accordance with the terms set forth herein. More specifically, the parties show the Court as follows:

1.   By means of discovery in this action, the parties may seek to obtain various private and confidential personnel information, investigation or audit documents pertaining to the parties or persons who are not parties to this action, medical records, employee personnel records, tax returns and/or confidential and proprietary business information. Such information and documents may be designated by a party as "Confidential Information." This stipulation does not limit or waive in any way any party's objections to any requests for such information or documents, but rather contains the parties' agreement that the following procedures shall apply to any Confidential Information produced.

2. The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the legend "CONFIDENTIAL". The designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

3. Portions of depositions or testimony shall be deemed Confidential Information only if they are designated at the time the testimony is given or within ten business days after receipt of the transcript, including any testimony that describes a document that has been designated as "CONFIDENTIAL" as described above. If testimony is designated as Confidential Information on the record, the court reporter shall mark the face of the transcript and the designated portion containing the designated testimony "CONFIDENTIAL." Any portion of a transcript designated as "CONFIDENTIAL" shall, if filed, be filed under seal with the Court. Except by express agreement, the parties may not issue blanket designations for depositions and must provide the specific pages for which the party claims protection. However, deposition transcripts shall be treated as "CONFIDENTIAL" until the expiration of the ten-day period following receipt of the transcript by the deponent.

4. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate, in which event the corrected designation shall be effective prospectively from recipient's receipt of this written notice.

5. The designation of information or documents as Confidential Information shall mean that such Confidential Information shall be used only for the purpose of this action and shall not be disclosed or transmitted, verbatim or in the substance, to anyone except the following:

a. To Plaintiff or Defendant (hereby defined to include its members and management) and their respective counsel of record (hereby defined to include other attorneys, including contract attorneys, and staff in their law firms who are working on this case);

b. To actual or potential deponents or witnesses who already know or have a need to know the content of the Confidential Information, but only to the extent needed to sustain or oppose any claim or defense, to examine or cross-examine any such witness, or to support or oppose any motion before the Court;

c. To any person who had previously prepared or received the Confidential Information;

d. To expert witnesses and expert consultants, regardless of whether they are anticipated to testify at trial for use only in connection with their roles as experts in this action;

e. To any third party neutral who may be involved in this matter in any way in the event that the parties pursue alternative dispute resolution;

f. To the Court and Court personnel;

g. To court reporters and their stenographic employees transcribing testimony in and from notes taken during depositions and hearings held in connection with this action and videographers recording testimony in this action; and

h. To any other individual to whom, in the good faith opinion of counsel of record for Plaintiff or Defendant, Confidential Information must be disclosed or transmitted to help prepare for the prosecution or defense of this action.

Counsel of record making the disclosure or transmittal permitted in any of foregoing subsections b., d., or h. shall: (i) first advise the individual of the terms and conditions of this Order and obtain his or her agreement to be bound by it by executing a Confidentiality Agreement attached hereto as Exhibit A; (ii) maintain a log of all such individuals to whom such disclosure or transmittal is made; and (iii) allow opposing counsel of record access to this log and, if necessary, all signed Confidentiality Agreements, upon reasonable notice and a showing of good cause.

6. In the event that the party receiving "CONFIDENTIAL" designations objects to such designation of any or all such items, then the parties will use their best efforts to resolve such objections between themselves. Should the parties be unable to resolve the objections, the party receiving the Confidential Information may seek a hearing before this Court with respect to the propriety of the designation and/or file a motion regarding the propriety of the designation. The producing party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as Confidential Information as provided hereunder. The burden of proving the confidentiality of designated information or documents remains with the party asserting such confidentiality.

7. In the event that Plaintiff or Defendant or their counsel obtain information or documents from a non-party that Plaintiff or Defendant believes to be confidential, they may designate such information or documents as Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

8. If in the course of this litigation, discovery is sought from non-parties that would require such non-parties to produce and/or disclose confidential information or documents, such

non-parties may gain the protection of this Order by agreeing in writing to produce the confidential information or documents pursuant to this Order and to be bound by it.

9. Producing or receiving "CONFIDENTIAL" information or documents, or otherwise complying with the terms of this Order, will not operate as an admission by any party that any particular "CONFIDENTIAL" information or documents contain or reflect trade secrets or any other type of confidential or proprietary information.

10. If a party in possession of discovery designated as "CONFIDENTIAL" is served with a subpoena, demand or request for production of such information or documents from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand or request such information or documents, the recipient shall give immediate written notice of the subpoena, demand or request (including delivery of a copy of the same) to the attorneys for the producing or disclosing party. In the event that a subpoena, demand or request purports to require production of such information or documents on less than ten (10) days' notice, the party to whom the subpoena, demand or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand or request to the attorneys for the producing or disclosing party.

11. Confidential Information generally shall not include documents or information obtained by either party outside of the discovery process of this litigation.

12. The ultimate disposition of Confidential Information will be left to a final order of the Court on the completion of this litigation. Nonetheless, the parties suggest the following:

Within thirty (30) days after the completion of this litigation, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcriptions

or reproductions in any form whatsoever) produced or provided by Plaintiff or Defendant to the other shall be returned to the respective counsel for the producing party or destroyed, excepting only copies that must be maintained by counsel pursuant to their respective malpractice insurance carriers and/or professional responsibility to their clients. Any work product, abstracts, or summaries of such Confidential Information prepared by Plaintiff or Defendant or their counsel of record shall not be disseminated or published. Counsel of record may retain deposition transcripts and need not return the deposition transcripts to the party designating the transcript or portion(s) thereof as Confidential Information, but deposition transcripts or portion(s) thereof that are designated as Confidential Information may not be used for any purpose outside of this litigation.

13. The parties agree to be bound by this Order. Any ambiguity concerning this Order may be submitted to the Court for interpretation.

14. This Order governs only pretrial proceedings.

15. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

Respectfully submitted this 14th day of November, 2018.

| **THE LAW OFFICES OF MICHELLE GESSNER, PLLC** | **TAYLOR ENGLISH DUMA LLP** |
|---|---|
| */s/ L. Michelle Gessner*<br>(signed with express permission)<br>L. Michelle Gessner<br>NC Bar No. 26590<br>michelle@mgessnerlaw.com | */s/ Deborah A. Ausburn*<br>Deborah A. Ausburn<br>NC Bar No. 20266<br>dausburn@taylorenglish.com<br>Michael Eric Ross<br>Georgia Bar No. 615190 (*pro hac vice*)<br>mross@taylorenglish.com |

435 East Morehead Street
Charlotte, NC 28202
Telephone: (704) 243-7442

*Attorney for Plaintiff*

1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376

*Attorneys for Defendant*

SO ORDERED.

Signed: November 15, 2018

Graham C. Mullen
United States District Judge

# EXHIBIT A

## **CONFIDENTIALITY AGREEMENT**

The undersigned has read the attached Stipulated Protective Order ("Protective Order"), understands its contents, and hereby agrees not to disclose any "Confidential Information," as that term is defined in the Protective Order, to any person who is not authorized by the Protective Order to have access to such Confidential Information or to use the Confidential Information for any purpose other than as permitted by the Protective Order. The undersigned further agrees to return all Confidential Information, all copies thereof, and all notes or other transcriptions made therefrom, to the party producing the Confidential Information within thirty (30) days after receiving written notice from that party that this action, including any appeals, has been concluded. The undersigned understands that a violation of this Confidentiality Agreement is punishable as contempt of court.

Date: _____     Name: _____

                                                                             Signature: _____